IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Brief  March 15, 2005 Session

## STATE OF TENNESSEE, *ex rel.,* CONNIE MITCHELL v. PERCY MITCHELL

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. 120514      The Honorable Kenneth Turner, Judge**

<hr/>

**No. W2004-01320-COA-R3-JV - Filed April 20, 2005**

<hr/>

This is a Title IV child support case.  Father/Appellee was subject to a court order requiring him to make monthly child support payments.  Mother allegedly requested to end Father's child support obligation and Title IV-D services due to a private agreement between the parties whereby Father paid some child support directly to Mother.  The State/Appellant, on behalf of Mother, filed a contempt petition against Father seeking payment of child support and arrears.  Following a hearing, the trial court dismissed the support orders and forgave any arrears.  The trial court also denied the State's Motion to Alter or Amend the Judgment.  The State appeals based upon T.C.A. § 36-5-101(a)(5) because no petition or motion to modify child support was filed and based upon T.C.A. § 71-3-124 because the State asserts it is entitled to reimbursement from the arrears for public benefits paid to Mother.  We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter, Stuart F. Wilson-Patton, Senior Counsel, For Appellant, State of Tennessee, ex rel., Connie Mitchell

No appearance by Appellee.

### OPINION

On September 17, 1987, Connie Mitchell filed a verified "Petition for Child Support" in the Juvenile Court of Shelby County.  Ms. Mitchell sought a child support order against Percy Mitchell ("Appellee") on behalf of their child, Christopher Rajanique Mitchell (d.o.b. 5/15/87).  On November 10, 1987, the trial court entered an "Order of Support," wherein Mr. Mitchell was ordered

to pay $100.00 per week in child support to the Clerk of Court. An "Income Assignment Order" was issued to Mr. Mitchell's employer on December 11, 1987 in the amount of $466.66 per month.

On November 20, 1987, Ms. Mitchell filed a "Petition for Citation for Contempt of Court" against Mr. Mitchell for his alleged failure to pay the court-ordered support. On April 22, 1988, an "Order for Attachment Pro Corpus" was issued against Mr. Mitchell. On February 2, 1989, the Juvenile Court Referee ("Referee") entered his Findings and Recommendations in which he dismissed the petition for contempt and set child support arrearage at $6,283.46. The Referee ordered Mr. Mitchell to continue to pay his support obligation by income assignment. These findings and recommendations were confirmed by the trial court on the same date. On February 9, 1989, an "Income Assignment Order" was issued to Mr. Mitchell's employer in the amount of $503.71, which amount included the support obligation of $412.71 per month plus $91.00 toward the arrearage.

On May 15, 2003, the State of Tennessee ("State," or "Appellant"), on behalf of Ms. Mitchell, filed a "Petition for Citation for Contempt of Court" against Mr. Mitchell for failure to pay child support. A hearing before a special judge was held on August 4, 2003 and, on that same day an Order was entered dismissing the petition for contempt and finding that Mr. Mitchell had "paid all child support since January 2, 1990 in full directly to [Ms. Mitchell] and accordingly from January 10, 1990 to this date all support has been paid in full." In addition, the Order indicates that "the Court's [November 10, 1987] order of support [is] dismissed."

On August 28, 2003, the State filed a "Motion to Alter or Amend" (the "Motion"). The Motion reads, in pertinent part, as follows:

> 1. An order was entered on November 10, 1987 setting child support for one child at $95.24 per week beginning November 10, 1987.
>
> 2. That the parties signed a JC-94 on January 2, 1990, which did not extinguish the Defendant's obligation to pay child support to the Petitioner.
>
> 3. That a Contempt Petition for non-payment of child support was filed by the State at Ms. Mitchell's request and a hearing was held on August 4, 2003. At that hearing, Ms. Mitchell testified that Mr. Mitchell had continued to pay child support directly to her since 1990 and that the money paid to her more than satisfied the child support obligation set by the Court in 1987. Based on those statements and with no other proof, this Honorable Court stopped the child support obligation and zeroed out the child support arrears, which totaled $77,160.92.

4. That subsequent to the hearing on August 4, 2003, the State of Tennessee has learned that Ms. Mitchell has received public assistance benefits since 1990. Furthermore, Ms. Mitchell visited the Tennessee Department of Human Services *on the day of the hearing*, August 4, 2003, and again applied for public assistance benefits. In her application, she stated that she received no child support from Mr. Mitchell.

(Emphasis in original).

On May 10, 2004, a hearing was held before a Referee on the State's Motion. On the same day, the Referee entered his findings and recommendations, wherein he denied the State's Motion. The findings and recommendations of the Referee were confirmed by the trial court on the same date.

The State appeals and presents six issues for review as stated in its brief:

I. Whether the trial court erred by retroactively modifying the November 10, 1987 child support Order in violation of T.C.A. § 36-5-101(a)(5).

II. Whether the trial court erred by depriving the State of reimbursement for public assistance benefits in violation of T.C.A. § 71-3-124.

III. Whether the trial court erred by declaring the 1987 and 1989 child support orders to be "dismissed" without any basis for granting relief from the Judgments

IV. Whether the trial court erred by basing its ruling on documents which were not properly authenticated, not admitted into evidence, not included in the record and not the subject of judicial notice.

V. Whether the trial court erred by suspending current child support and allowing the parties to pay support by private agreement not approved by the court and not in accordance with the Tennessee Child Support Guidelines.

VI. Whether the trial court erred by not requiring current and past due child support payment to be paid through the State of Tennessee's Central Collections and Distribution Unit in a case being enforced under Title IV-D of the Social Security Act.

Although we will address all of the State's allegations of error in our discussion, we perceive that there are, in fact, two main issues in this case–those being State's Issue I and II as set out above. Before proceeding to these issues, we first note that Mr. Mitchell has filed no brief in this appeal. On January 28, 2005, this Court entered an Order that, pursuant to Tenn. R. App. P. 29, the matter was deemed submitted for decision on the record, Appellant's brief, and Appellant's counsel's oral argument. Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. See Tenn. R. App. P. 13(d).

The State first argues that the trial court erred by retroactively modifying the 1987 and 1989 child support orders in the absence of either a petition or a motion for modification and by forgiving $77,160.92 in child support arrears. We agree. T.C.A. § 36-5-101(a)(5) (Supp. 2004) provides:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. **Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties**. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

(Emphasis added).

Furthermore, our Supreme Court has held in **Rutledge v. Barrett**, 802 S.W.2d 604 (Tenn.1991) that, pursuant to the above statute, a child support order is not subject to retroactive modification. **Id**. at 605-607; **see also Alexander v. Alexander**, 34 S.W.3d 456, 460 (Tenn. Ct. App.2000)(providing that "a court has no power to alter a child support award as to any period of time occurring prior to the date on which [a parent] files his or her petition."). Accordingly, a trial court may not retroactively forgive a child support arrearage, but may only modify child support obligations back to the date that a petition or motion for modification is filed and notice is provided to the non-moving party.

In the instant case, the trial court filed child support orders in both 1987 and 1989. From our review of the record, it appears that no motions to modify child support were ever filed by either party. Consequently, the trial court lacked the authority to retroactively modify the child support

orders. Concerning the reasoning behind the trial court's decision to "dismiss" the child support orders, the record reads, in pertinent part, as follows:

> THE COURT: Okay. And then the order started up to pay this support at $100 per week? Now, as I understand, you [Ms. Mitchell] came down and stopped it in 1990?
>
> MRS. MITCHELL: Uh-huh.
>
> THE COURT: Did you ever change that?
>
> MRS. MITCHELL: No, I did not.
>
> THE COURT: Okay.
>
> MS. KENNEY-McANDREWS: What she told me was, she called the State because there were some notices that she got about it.
>
> MRS. MITCHELL: Right.
>
> MS. KENNEY-McANDREWS: And she called to figure out what was going on, and I think the State must have thought she wanted enforcement, because they made a note, I think, on–that she called in like to reactivate it, but she said she called in to say, look, I've tried to close it. So I–I think there was a little miscommunication on–on that front, because she said it was never her intention. Her intention was to let them know that he's been paying her outside of court for all these years. She said every month he gives her $160, and he always has.
>
> THE COURT: Okay. We'll show that the order of child support is dismissed or was dismissed January 2, 1990.

From our review of the record, it appears that the trial court "dismissed" the order(s) of support either because Ms. Mitchell completed a form (allegedly a JC-94) requesting that she no longer be provided child support enforcement services from the Title IV-D child support agency or because the parties made a private agreement whereby Mr. Mitchell would pay his support obligation (or some portion thereof) directly to Ms. Mitchell. Neither of these reasons, however, is a sufficient basis on which to forgive Mr. Mitchell's support obligation or arrearage.

The alleged JC-94 form was not made part of the record on appeal. However, even if we assume that such form was filed by Ms. Mitchell, there is no factual or legal basis in this record from which we can conclude that a JC-94 form could constitute "an action for modification" as required by T.C.A. § 36-5-101(a)(5), *supra*. Furthermore, there is no proof that the form was filed in

-5-

connection with this particular case. At the hearing, the trial court asks for the "social file," which allegedly contained the JC-94. The form's presence in a "social file" does not satisfy the statutory requirements that a motion to modify child support obligations be "filed [with the court] and notice [given] ... to the opposing party." At the hearing on the State's Petition to Alter or Amend, Mr. Mitchell testified, in relevant part, that "...I didn't get any paperwork. My wife said that she had come down here and had it [Mr. Mitchell's child support obligation] dropped." Consequently, the JC-94 form does not satisfy the statutory requirements or rise to the level of a petition or motion to modify the child support obligation.

Concerning any private agreement by the parties that Mr. Mitchell would pay support directly to Ms. Mitchell, it is disputed in the record as to whether the parties actually had such an agreement. However, even if we assume *arguendo* that such was the agreed upon arrangement, the only testimony concerning the amount Mr. Mitchell allegedly paid to Ms. Mitchell is that it was $160 per month (at those times when he was employed), which is well below the $412.71 per month set by the 1989 Order. It is well settled in Tennessee that any agreement by the parents to relieve one parent of the obligation of support is void as against public policy. ***See, e.g., Berryhill v.*** Rhodes, 21 S.W.3d 188, 192 (Tenn. 2000); ***Witt v. Witt***, 929 S.W.2d 360, 363 (Tenn. Ct. App. 1996).

Consequently, we find that the trial court erred in modifying and/or dismissing Mr. Mitchell's support obligation.

Concerning the trial court's forgiveness of Mr. Mitchell's arrearage, T.C.A. § 36-5-101(a)(4)(A)(ii) (Supp. 2004) reads as follows:

> That in all Title IV-D child or spousal support cases in which payment of child or spousal support is to be made by income assignment, or otherwise, and in all cases where payments made by income assignment based upon support orders entered on or after January 1, 1994, that are not Title IV-D support cases but must be made to the central collection and disbursement unit as provided by § 36-5-116, and, except as may otherwise be allowed by § 36-5-501(a)(2)(B), the court shall only order that the support payments be made to the central collection and disbursement unit pursuant to § 36-5-116. No agreement by the parties in a parenting plan, either temporary or permanent, entered pursuant to the provisions of title 36, chapter 6, part 4, or any other agreement of the parties or order of the court, except as may otherwise be allowed by § 36-5-501(a)(2)(B), shall alter the requirements for payment to the central collection and disbursement unit as required by § 36-5-116, and any provision of any parenting plan, agreement or court order providing for any other payment procedure contrary to the requirements of § 36-5-116, except as may otherwise be allowed by § 36-5-501(a)(2)(B), whether or not approved by the court, shall be void and of no effect. **No credit shall be given by the court, the court clerk or the department of human**

**services for child or spousal support payments required by the support order that are made in contravention of such requirements**; provided, however, the department may make any necessary adjustments to the balances owed to account for changes in the Title IV-D or central collection and disbursement status of the support case.

(Emphasis added).

By its plain language, this statute prohibits the trial court from giving Mr. Mitchell credit for child support payments made directly to Ms. Mitchell or to Christopher when the court orders required payment to be made through the courts. Furthermore, even if this were not a Title IV-D case, T.C.A. § 36-5-101(a)(5) above clearly states that "the unpaid amount is in arrears and **shall become a judgment** for the unpaid amounts...." As a "judgment,"arrears may only be forgiven if one of the criteria for relief from judgments or orders listed in Tenn. R. Civ. P. 60 is proven. None of the grounds for relief contained therein are raised or supported by the evidence in this record.

Furthermore, although a parent who is in arrears on his or her child support obligation may be entitled to credit for necessaries that he or she provided to the child, the record contains no proof that Mr. Mitchell provided such necessaries or that he sought any credit for same. Nonetheless, there is some indication in this record that Mr. Mitchell made payments to Ms. Mitchell and/or to Christopher. Consequently, he may be entitled to some credit against his child support arrearage. For the foregoing reasons, we reverse the order of the trial court dismissing the support order and forgiving the child support arrears owed by Mr. Mitchell. We remand on the issue of current arrears, the interest thereon, and for a determination of whether, and to what extent, Mr. Mitchell is entitled to credit against said arrears.

We now turn to the State's second issue of whether the trial court erred by depriving the State of reimbursement for public assistance benefits in violation of T.C.A. § 71-3-124 (2004), which reads, in pertinent part, as follows:

> (a)(1) Each applicant or recipient who receives or authorizes payment of public or temporary assistance pursuant to Title IV-A or IV-E of the Social Security Act or any successor program providing temporary assistance or foster care or adoption assistance shall be deemed to have assigned to the state any rights to support from any other person such applicant or recipient may have:
>
> (A) In the applicant's own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid; and
>
> (B) That have accrued at the time such assignment is executed.

Although the particular dates and amounts of assistance are not contained in this record, it is undisputed that Ms. Mitchell and her children received some public assistance benefits. According to T.C.A. § 71-3-124, Ms. Mitchell automatically assigned to the State her rights to receive child support from Mr. Mitchell in the amount of the benefits received. ***See also Davis v. Davis***, No. W2001-01842-COA-R3CV, 2002 WL 1592547 (Tenn. Ct. App. July 8, 2002). Under federal law, a request by the recipient parent to end Title IV-D services may be honored only if the recipient meets at least one of the criteria set forth in the regulation. 45 C.F.R. § 303.11. Based upon the foregoing discussion, Mr. Mitchell is still in arrears on his support obligation and, consequently, Ms. Mitchell's request for cessation of Title IV-D services should have been denied.

For the foregoing reasons, it was clearly error for the trial court to permit Mr. Mitchell and Ms. Mitchell to bypass the Tennessee Department of Human Services and, by its order relieving Mr. Mitchell of his child support obligations both past, and future, to approve an arrangement whereby Mr. Mitchell supposedly paid child support in an unspecified amount directly to Ms. Mitchell. The contempt proceedings initiated by the State were brought on Ms. Mitchell's behalf in order to compel the payment of current child support and arrears by Mr. Mitchell. Thus, this is a Title IV-D case and the trial court did not have discretion to direct payments away from the Tennessee Department of Human Services. ***See State ex rel. Patterson v. French***, No. W2000-02668-COA-R3-CV, 2002 WL 1349498, at *3 (Tenn. Ct. App. Feb. 5, 2002). Additionally, it was error for the trial court to give effect to Ms. Mitchell's request to end Mr. Mitchell's child support obligation and Title IV-D services, because she had not yet been paid the arrears owed her by Mr. Mitchell, and the State had not yet been paid its assigned portion of those arrears. ***See*** 42 U.S.C. §§ 608(a)(3), 657; 45 C.F.R. §§ 302.32(a), 303.11; T.C.A. § 71-3-124(a)(1) (Supp.2003). Furthermore, as a Title IV case, all payments of child support and arrears must be made through the State of Tennessee's Central Collections and Distribution Unit. As this Court stated in ***French*** "the directive that all payments made in Title IV-D cases be sent to the State disbursement unit does not give the trial court the discretion to order otherwise." ***French***, 2002 WL 1349498 at *4; ***see also*** 45 C.F.R.§ 302.32(a).

Accordingly, we reverse the Order of the trial court dismissing the prior orders of child support and forgiving Mr. Mitchell's arrears. We remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Percy Mitchell.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.